IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LLOYD MARCUS SCHAEFER,              :

                Petitioner,              :

v.                                               :      CRIMINAL NO. 09-00163-KD-C
                                 :      CRIMINAL NO. 09-00249-KD-C
                                        CIVIL ACTION NO. 11-00671-KD

UNITED STATES OF AMERICA,       :      CIVIL ACTION NO. 11-00586-KD

                Respondent.              :

## REPORT AND RECOMMENDATION

Pending before the Court are Petitioner's Motions to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255 filed in CR-09-00163-KD-C (Doc. 32) and CR-09-00249-KD-C

(Doc. 21)[1] and the Government's responses in opposition thereto. (Doc. 35, CR-09-00163-KD-C;

Doc. 26, CR-09-00249-KD-C).   These actions were referred to the Undersigned Magistrate Judge

for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules

Governing Section 2255 Cases and are now ready for consideration.[2]

Because the record is adequate to dispose of this matter, no evidentiary hearing is required.

Having carefully reviewed the record, it is recommended that Petitioner's Motions to Vacate, Set

Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 32, CR-09-00163-KD-C; and Doc. 21,

---

[1] This Report and Recommendation addresses both the Motion to Vacate filed in
CR-09-00163-KD-C (Doc. 32) and the Motion to Vacate filed in CR-09-00249-KD-C (Doc. 21),
as these actions and their respective Motions to Vacate have been merged for these proceedings.
(See 09-00163-KD-C, Doc. 25).

[2]  The Honorable United States District Judge Kristi DuBose presided over Petitioner's guilty plea
proceedings and imposed the challenged sentence.   On November 6, 2011, and November 29,
2011, Judge DuBose referred these matters to the Undersigned Magistrate Judge for entry of a
Report and Recommendation in the two above-referenced actions.   The Undersigned has
reviewed the Petitioner's motions to vacate and all other relevant documents in the Court's file and
has fully familiarized himself with the proceedings before Judge DuBose.   Based upon that
review, the Undersigned makes the following report and recommendation.

CR-09-00249-KD-C) be denied, that these actions be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Lloyd Marcus Schaefer in both of these actions.

## I. BACKGROUND

Between August and December, 2008, Petitioner and two accomplices committed a string of bank robberies in Baldwin and Lowndes Counties, Alabama.[3]  Pursuant to written plea agreements and factual resumes entered in this Court on December 11, 2009, and December 15, 2009, in these related criminal actions, Petitioner pleaded guilty to a total of three counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and two counts of use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).  See 09-00163-KD-C (Docs. 7-8); 09-00249-KD-C (Doc. 5).   On December 15, 2009, Petitioner appeared with his counsel, Jim Scroggins, and entered a plea of guilty to Counts 1, 2, 3, and 4 of the Information in case number CR-09-00163-KD-C (Doc. 10; Doc. 30 at 15), and Count 1 of the Indictment in case number CR-09-00249-KD-C (Doc. 6, 09-00249-KD-C).

On October 14, 2010, the Government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, based on substantial assistance provided by Petitioner after his arrest, recommending that Petitioner receive a "total sentence of 25 years to serve."[4]   (Doc. 21 at 1).   At Petitioner's sentencing hearing conducted on October 15, 2010, Judge DuBose granted an even

---

[3] Case number 09-00163-KD-C involves two bank robberies committed by Petitioner in Baldwin County, Alabama, one of which he committed alone and one with accomplices.   Case number CR-09-00249-KD-C involves a third bank robbery committed by Petitioner and his accomplices in Lowndesboro, Alabama, which is in the Middle District of Alabama.   The Middle District action was transferred to this Court on November 18, 2009.   See 09-00249-KD-C (Doc. 1).

[4] As noted above, the pleadings in these two actions are duplicative.   For clarity, the Court's citation to the record refers to the docket entry numbers in 09-00163-KD-C, unless otherwise specified.

greater reduction than that recommended by the Government and sentenced Petitioner to a total of 240 months (20 years) in prison, which was comprised of the following: concurrent 48-month sentences as to the three bank robbery counts (spanning the two actions), a consecutive 42-month sentence as to the first of the § 924(c) firearm charges in the 09-00163-KD-C action, and another consecutive 150-month sentence as to the second § 924(c) charge in the 09-00163-KD-C action.[5] (Doc. 28; Doc. 31 at 12-13).   The Court's sentence reflected the granting of a "full reduction" of 50 percent pursuant to U.S.S.G. § 5K1.1.   (Doc. 31 at 12).

Petitioner did not file a direct appeal of his convictions or sentence but, rather, filed a Notice of Non-Appeal on October 26, 2010.   (Doc. 27).   On November 29, 2011, Petitioner filed a timely § 2255 motion, raising four claims of ineffective assistance of counsel.   (Doc. 32 at 5-6). On December 5, 2011, the Government filed a response in opposition to the Motion to Vacate, arguing that Petitioner's claims are without merit.   (Doc. 35).   The Court now addresses Petitioner's claims.

## II. DISCUSSION

Petitioner argues in his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 that: (1) counsel was ineffective for failing to object to Petitioner receiving sentencing firearm enhancements in connection with two of his robberies; (2) counsel was ineffective for failing to argue aggressively for a further reduction in his sentence based on his cooperation with the Government; (3) counsel was ineffective for failing to contact Petitioner in the two weeks prior

---

[5] With respect to the two consecutive § 924(c) sentences, the first charge (Count Two) required a mandatory consecutive sentence of seven years (or 84 months), as per § 924(c)(1)(A)(ii) (providing that, "if the firearm is brandished, [the person shall] be sentenced to a term of imprisonment of not less than 7 years"); the second charge (Count Four) required a mandatory consecutive sentence of 25 years (or 300 months), as per § 924(c)(1)(C)(i) (providing that, "[i]n the case of a second or subsequent conviction under this subsection, the person shall – be sentenced to a term of imprisonment of not less than 25 years").   (Doc. 30 at 7-9; Doc. 31 at 12). These figures represent the mandatory sentence required in the absence of a § 5K1.1 reduction.

3

to his sentencing hearing to discuss the hearing; and (4) counsel was ineffective for advising Petitioner that, if he did not sign the Notice of Non-Appeal, he would not receive a reduction in his sentence based on his cooperation.   (Doc. 32 at 5-6).   As the Government has correctly pointed out, each of these claims is without merit.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong test for adjudicating ineffective assistance of counsel claims.   "A defendant claiming ineffective assistance of counsel in violation of the Sixth Amendment must demonstrate that: (1) counsel's performance was deficient, *and* (2) the deficient performance prejudiced the outcome of the proceedings."   Windom v. Secretary, Dep't of Corrs., 578 F.3d 1227, 1248 (11th Cir. 2009) (emphasis in original) (citing Strickland, 466 U.S. at 687).   Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim, courts applying the Strickland test "are free to dispose of ineffectiveness claims on either of [Strickland's] two grounds."   Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998).   "[U]nder the exacting rules and presumptions set forth in Strickland, 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'"   Windom, 578 F.3d at 1248 (citations omitted).

In order to satisfy the "performance" prong of the Strickland test, a petitioner is required to show that his attorney's representation "fell below an objective standard of reasonableness," which is measured by "reasonableness under prevailing professional norms."   Id., 466 U.S. at 688.   That is, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."   Id. at 687.   In considering such a claim, the court "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance."   Smith v. Singletary, 170 F.3d 1051,

4

1053 (11th Cir. 1999) (citations omitted).

In addition, a petitioner must also satisfy the "prejudice" prong of the <u>Strickland</u> test.   To that end, Petitioner must show that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different."   <u>Id.</u>, 466 U.S. at 694.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."   <u>Id.</u>

Petitioner "must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.'"   <u>Butcher v. United States</u>, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted). "[T]hat the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice."   <u>Id.</u> at 1293-94 (quoting <u>Strickland</u>, 466 U.S. at 693) (internal quotation marks omitted).

A. <u>Claim One</u>.

In Claim One, Petitioner argues that his attorney was ineffective for failing to object to "gun enhancement[s]" that he claims he received in connection with his convictions for the two bank robberies committed in Baldwin County, Alabama.   Petitioner appears to argue that any such enhancement would constitute double punishment given that he was also convicted under § 924(c) on two counts of using a firearm in connection with those two robberies.   (Doc. 32 at 5). Petitioner's argument is misplaced, however, because he did not receive sentencing enhancements based on the use of a firearm in connection with the two Baldwin County bank robberies.

The record in the 09-00163-KD-C action, which relates to the two Baldwin County bank robberies, shows that Petitioner pleaded guilty to Counts One through Four as charged in the Information.   (Doc. 1 at 1-3; Doc. 7 at 1).   Count One alleged that Petitioner robbed a bank in

Magnolia Springs, Alabama, on August 22, 2008, in violation of 18 U.S.C. § 2113(a), (d).   (Doc. 1 at 1).   Corresponding to that count was Count Two, which alleged that, in carrying out that bank robbery, Petitioner knowingly used a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. § 924(c).   (Id.).   Similarly, Count Three alleged that Petitioner robbed a bank in Lillian, Alabama, on December 5, 2008, in violation of 18 U.S.C. § 2113(a), (d).   (Id. at 2). Corresponding to that count was Count Four, which alleged that, in carrying out that bank robbery, Petitioner knowingly used a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. § 924(c).   (Id. at 3).

As explained above, Petitioner was sentenced to 48 months as to Counts One and Three, to run concurrently, and to consecutive terms of 42 months as to Count Two and 150 months as to Count Four.   (Doc. 31 at 13).   The record of the sentencing hearing and Petitioner's Presentence Investigation Report (PSR) clearly show that Petitioner did not receive any sentencing enhancement for the use of a firearm related to the August 22, 2008, or December 5, 2008, Baldwin County robberies (charged in Counts One and Three), for the very reason that Petitioner raises herein; that is, he had already been convicted of the § 924(c) gun counts (Counts Two and Four) as to those two robberies.   (Doc. 31 at 13; Doc. 22 at 11-12).   The PSR specifically addressed this issue with respect to both Baldwin County bank robberies, providing: "Pursuant to U.S.S.G. § 2B3.1(b)(2)(C), because a firearm was brandished, the offense level should be increased by five levels.   However, because the defendant was convicted on count[s] two [and four] for possession of a firearm during a bank robbery (18 U.S.C. § 924(c)), there is no increase."[6] (Doc. 22 at 11-12).

---

[6] This statement is repeated verbatim with respect to both bank robbery offenses.   (Doc. 22 at 11-12).

6

Petitioner's confusion may stem from his conviction and sentence in the 09-00249-KD-C action relating to the November 21, 2008, bank robbery in Lowndes County, Alabama.   See 09-00249-KD-C (Doc. 1 at 2).   In that action, Petitioner pleaded guilty to Count One of the indictment, charging bank robbery in violation of 18 U.S.C. § 2113(a).   (Id.; Doc. 5 at 1).   However, he did not plead guilty to the corresponding § 924(c) count charged in Count Two, and that count was dismissed.   (Id.; Doc. 19 at 1).   For that reason, Petitioner appropriately received the five-level § 2B3.1(b)(2)(C) enhancement for the Lowndes County bank robbery, as he was not otherwise penalized through conviction on the § 924(c) charge corresponding to that robbery. (Doc. 22 at 12).

While "a defendant who was convicted of a § 924(c) firearm offense and an underlying offense," such as bank robbery, "shall not receive a guidelines enhancement for [a] firearm when determining the sentence for the underlying offense," see United States v. Wilburn, 325 Fed. Appx. 761, 762 (11th Cir. 2009) (unpublished)[7] (citations omitted), Petitioner in this action did not receive a sentencing enhancement for a firearm related to either of the Baldwin County bank robberies, which were the underlying offenses for his § 924(c) convictions.   Thus, contrary to Petitioner's argument, he was not subjected to double counting in relation to those offenses.

While Petitioner did receive a five-level firearm enhancement pursuant to § 2B3.1(b)(2)(C) in connection with the Lowndes County bank robbery (charged in Count One of 09-00249-KD-C), there was no corresponding § 924(c) conviction related to that offense. Therefore, there was no double counting with respect to that enhancement.

Therefore, for each of these reasons, Petitioner's argument is without merit, and Claim One

---

[7] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority."   Lanier Constr., Inc. v. Carbone Props. of Mobile, LLC, 253 Fed. Appx. 861, 865 n.5 (11th Cir. 2007) (unpublished).

is due to be denied.

B. <u>Claim Two</u>.

In Claim Two, Petitioner argues that his counsel was ineffective for failing to aggressively argue for a further reduction in his sentence based on his cooperation with the Government, which led to the arrests and convictions of his two accomplices in the bank robberies.   (Doc. 32 at 5). Petitioner's claim is without merit.

The record shows that, going into sentencing, Petitioner faced more than forty years in prison under the most favorable application of the guidelines.   (Doc. 31 at 6, 12).   At the hearing, however, his attorney requested a downward departure from the guidelines based on Petitioner's full cooperation with the Government, and the Government agreed, recommending a significantly lower sentence of twenty-five years.   (<u>Id.</u> at 2, 4, 6; Doc. 21 at 1).   The Court, however, went even further and granted Petitioner a 50 percent reduction in his sentence, resulting in a total term of 20 years.   (Doc. 31 at 12).   Judge DuBose explained: "… I am going to take the government's recommendation for a downward departure but I am going to depart further and to give you 50 percent departure instead of the departure that they had requested.   Because I think that your cooperation warrants a full reduction and 50 percent is the full reduction that we give, in this district at least.   So I am going to do that."   (Doc. 31 at 12).

Despite Petitioner's argument that his counsel should have been more aggressive and should have asked for more than a 50 percent reduction in his sentence, Petitioner has failed to allege any facts which would show that his counsel was deficient for failing to do so.   Indeed, the record indicates that such a request would not have met with success, given the fact that Judge DuBose expressly stated that, in keeping with her practice, if a defendant "cooperates first, early[,] . . . often [and] fully," she gives a "full reduction" for their substantial assistance, which is "fifty

8

percent off."   (Doc. 31 at 4-5, 12).   She further stated that "50 percent is the full reduction [given] in this district."   (Id. at 12).

Therefore, Petitioner has not only failed to rebut the presumption of competence of his counsel, but he has failed to meet his burden of showing that a reasonable probability exists that, but for counsel's failure to argue more aggressively that Petitioner should receive more than a 50 percent reduction in his sentence, "the result of the proceeding would have been different." Strickland, 466 U .S. at 694.   "It is not professionally unreasonable for a lawyer to fail to pursue issues which have little or no chance of success, and a criminal defendant is not prejudiced by counsel's failure to pursue nonmeritorious claims or those on which they likely would not have prevailed."   Georges v. United States, 2012 WL 602659, *7 (S.D. Fla. 2012), *report and recommendation adopted by*, 2012 WL 602905 (S.D. Fla. Feb 23, 2012).   Therefore, for each of these reasons, Claim Two is without merit and is due to be denied.

C.   Claim Three.

In Claim Three, Petitioner argues that his counsel was ineffective for failing to contact him in the two weeks leading up to the sentencing hearing so that they could discuss the upcoming hearing and matters related to the reduction of his sentence.   (Doc. 32 at 6).   Even if true, Petitioner has failed to show, or even allege, how he was prejudiced by counsel's failure to contact him during that time.   Petitioner has failed to identify any particular sentence reduction matter that he wished to discuss with counsel prior to the hearing or to explain how that discussion would have made any difference in the otherwise favorable sentence that he received.   As with Claim Two, Petitioner again has failed to meet his burden of showing that a reasonable probability exists that, but for counsel's failure to consult with him during the two weeks prior to the sentencing hearing, "the result of the proceeding would have been different."   Strickland, 466 U.S. at 694.

Therefore, Claim Three is without merit and is due to be denied.

    D.  <u>Claim Four</u>.

        In Claim Four, Petitioner argues that his counsel was ineffective for advising him that, if he did not sign the Notice of Non-Appeal, he would not receive a reduction of his sentence.   (Doc. 35 at 6).   While it is unclear from Petitioner's allegations whether this advice related to the Government's unwillingness to file a motion for a § 5K1.1 reduction or the Court's unwillingness to grant the § 5K1.1 reduction if Petitioner did not sign the Notice of Non-Appeal, whatever the impetus behind the advice, Petitioner has failed to show, or even allege, how he was prejudiced by this advice.

        As discussed above, the guidelines applicable to Petitioner's sentence provided mandatory consecutive sentences of 7 years and 25 years on the two gun counts, each to be tacked on consecutively to an 8-year sentence (assuming the most favorable scenario) for three bank robbery counts, for a total of 40 years.   (Doc. 31 at 6; Doc. 22 at 26).   Yet, with the assistance of his counsel, his own cooperation with the Government, and the mercy of the Court, Petitioner received only 20 of the recommended 40 years for three violent bank robberies.[8]

        Further, Petitioner has not alleged any issue on which he likely would have been successful on appeal, nor has the Court discovered any such issue.   Given the circumstances of this case, Petitioner has failed to show that his counsel's advice to forego a less than remarkable appeal in order to secure a 50 percent reduction in what was otherwise a devastating forty-year sentence[9] was deficient, nor has he shown that he was prejudiced by that advice.   Thus, Claim Four, like

---

[8]  The record shows that Petitioner threatened tellers with a gun during the August 22, 2008, bank robbery, and he wore body armor and threatened to kill the tellers with an AK-47 assault rifle during the December 5, 2008, bank robbery.   (Doc. 31 at 11; Doc. 8 at 2; Doc. 22 at 8).

[9]  The PSR reflects that Petitioner was forty-eight years old at the time of his sentencing. (Doc. 22 at 3).

Petitioner's previous three claims, is without merit and due to be denied.

Accordingly, for each of the foregoing reasons, Petitioner's § 2255 Motion to Vacate is due to be denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied.   28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").   The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.   28 U.S.C. § 2253(c)(1).   A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2243(c)(2).

The petitioner is not entitled to a certificate of appealability on his claims that his attorney provided ineffective-assistance-of-counsel.   Where, as is the case here, a habeas petition is being denied entirely on the merits of an underlying constitutional claim, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also id.* at 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

11

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'")   The undersigned recommends that the Court find that reasonable jurists could not debate whether his § 2255 motion to vacate should be resolved in a different manner or that any of the remaining issues presented are adequate to deserve encouragement to proceed further.   Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation, the objecting party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation.   *See, e.g., Brightwell v. Patterson*, No. CA 11–0165–WS–C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011) (the Eleventh Circuit (Hull, J.) subsequently denied the petitioner's motion for certificate of appealability on October 11, 2011 (see Doc. 14 in CA 11–0165–WS–C)); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

<u>CONCLUSION</u>

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motions to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed in CR-09-00163-KD-C (Doc. 32) and CR-09-00249-KD-C (Doc. 21) be denied, that these actions be dismissed, and that judgments be entered in favor of Respondent, the United States of America, and against Petitioner,

Llyod Marcus Schaefer.   In addition, the Undersigned Magistrate Judge is of the opinion that Petitioner is not entitled to issuance of a Certificate of Appealability.   It is so recommended.

The instructions which follow the Undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 30th day of July, 2012.


 s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      ***Objection***.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[10] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.   Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[10]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"   Fed. R. Civ. P. 72(b)(2).